## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| ELIJAH JOHNSON, WILLIAM ALIFF, MATTHEW BARBER, MARY SMITH, HALEY CONDER, MCKAYLA EMERY, MATTHEW RILEE VALIANT, AND JOHN LAWSON, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MAYFIELD CONSUMER PRODUCTS, LLC,<br><br>    Defendant. | Civil Action No. 5:22-cv-44-TBR<br><br>Removed from the Circuit Court of Grant County, Kentucky<br>Case No. 22-CI-00040 |

## NOTICE OF REMOVAL

Defendant Mayfield Consumer Products, LLC ("Defendant" or "MCP"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this matter from the Circuit Court for Graves County, Kentucky to the United States District Court for the Western District of Kentucky, Paducah Division. As grounds for removal, MCP states as follows:

1.      On March 3, 2022, Plaintiffs filed a Complaint against MCP in the Circuit Court for Graves County, Kentucky, Civil Action No. 22-CI-00040 (hereinafter the "State Court Action").

2.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders in this action are attached hereto as **Exhibit A**.

3. This removal is timely under 28 U.S.C. § 1446(b) because MCP was served with a copy of the complaint and summons on March 8, 2022, and this notice of removal is being filed within 30 days of that date.

4. This action is properly removable under 28 U.S.C. § 1332 because this is a civil action between parties whose citizenship is diverse, and the amount in controversy exceeds $75,000.00.

## DIVERSITY AMONG THE PARTIES

5. The State Court Action has eight named plaintiffs, Elijah Johnson, Mary Smith, Haley Conder, McKayla Emery, John Lawson, William Aliff, Matthew Rilee Valiant, and Matthew Barber (the "Named Plaintiffs"), and purports to represent a class of "all persons similarly situated to Plaintiffs . . . who also sustained physical, mental and/or emotional injuries and/or died as a result of the December 10, 2021 tornado striking and demolishing MCP's place of business, inclusive of any loss of consortium claims, and who have not filed a civil action and/or do not have a civil action pending in state or federal court asserting the same claims against the same defendant as asserted herein" (the "Proposed Class"). (Compl. ¶ 71).

6. At the time of filing and all times relevant to this action, the Named Plaintiffs were and are citizens and residents of the Commonwealth of Kentucky. (*Id.* ¶¶ 1–3).

7. Upon information and belief, at the time of filing and all times relevant to this action, all members of the Proposed Class were and are citizens and residents of the Commonwealth of Kentucky. (*Id.* ¶ 71).

8. Defendant MCP is, and at the time of filing of this action was, a limited liability company. For jurisdictional purposes, the citizenship of an unincorporated association (such as a limited liability company) is based on the citizenship of its member(s). *Delay v. Rosenthal Collins*

*Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Defendant MCP has one member: The Van DeVenter Irrevocable Trust (the "Trust"). *See* Declaration of Scott D. Weaver ¶ 4 (attached hereto as **Exhibit B**). Willow Street Trust Company of Wyoming, LLC ("WSTC") serves as trustee of the Trust. *Id.* ¶ 5. The sole member of WSTC is WSG Holdco, LLC ("Holdco"), a Wyoming limited liability company with its principal place of business in Jackson, Wyoming. *Id.* ¶ 6. Holdco is ultimately owned and controlled by six members, all of whom are citizens of Wyoming. *Id.* Thus, for jurisdictional purposes, Defendant MCP is a citizen of the state of Wyoming.[1] *See Delay*, LLC, 585 F.3d at 1005.

9. Complete diversity therefore exists between the Named Plaintiffs and the members of the Proposed Class, on the one hand, and MCP, on the other. The Named Plaintiffs and Members of the Proposed Class are citizens and residents of the Commonwealth of Kentucky, and MCP, based on the citizenship of its members, is a citizen of Wyoming. Accordingly, there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

10. The State Court Action does not name a specific amount in controversy. (*See* Compl. ¶ 7) (noting only that the "claims of the Plaintiffs exceed the minimal jurisdictional amount of this court"). Indeed, in Kentucky, state law prohibits a plaintiff from reciting a specific sum as alleged damages, Ky. R. Civ. P. 8.01(2), and permits recovery in excess of the amount prayed for, Ky. R. Civ. P. 54.03(2).

11. Where state pleading rules do not permit a demand for a specific sum or permit the recovery of damages exceeding the amount prayed for, the defendant may assert the amount in

---

[1] Even if the beneficiaries of the Trust were relevant to determine trust membership, diversity jurisdiction would still exist. The sole beneficiary of the Trust is Mary Frances Van DeVenter Propes Reynolds, a citizen of South Carolina.

controversy in the notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). In such instances, the defendant need only establish a good faith belief that it is "more likely than not" that the jurisdictional amount in controversy is satisfied. *Rogers*, 230 F.3d at 871. Importantly, however, this standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

12. MCP maintains a good faith belief that the amount in controversy "more likely than not" exceeds $75,000.00. *See id.*

13. In assessing whether a claim for an unspecified amount of damages satisfies the amount in controversy requirement, the Court is to engage in a "fair reading" of the complaint—in other words, to draw on its "judicial experience" and "exercise[] common sense." *Hendrickson v. Gen. Motors LLC*, No. 3:19-CV-447-CHB, 2019 WL 11715669, at *3 (W.D. Ky. Nov. 6, 2019). Judicial experience and common sense indicate that a court should look to the type of claim asserted and the seriousness of the harm alleged—for example, if an action involves an intentional tort leading to wrongful death or grievous injury, a "fair reading" of the complaint is that the amount in controversy requirement is "virtually certain" to be satisfied. *See id.* (holding that the amount in controversy requirement was "more likely than not" satisfied where complaint alleged wrongful death, a fact that the Court could not "close its eyes to"); *Ledford v. McCann*, No. 6:04-CV-01-KKC, 2005 WL 8164848, at *2 (E.D. Ky. July 13, 2005) (holding that "[g]iven the very nature" of the claims alleged—intentional torts causing bodily and emotional injury—the amount in controversy requirement was "more likely than not" satisfied as such claims "routinely exceed

the jurisdictional requirement of $75,000.00"). Where common sense dictates that the amount in controversy is virtually certain to exceed $75,000.00, the defendant seeking removal need not offer a "mathematical basis upon which to calculate the amount in controversy with precision." *Hendrickson*, 2019 WL 11715669, at *3.

14. Moreover, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

15. The State Court Action seeks several types of monetary damages, both compensatory (Compl., Prayer for Relief ¶ 2) and punitive (*Id.* ¶ 3). These damages largely stem from alleged intentional torts leading to serious bodily injury and death on behalf of a class of eight Named Plaintiffs and over one hundred members of the Proposed Class. (Compl. ¶¶ 18, 71–72, 77).

16. Drawing on "judicial experience" and "common sense," the amount in controversy for even one member of the proposed class "more likely than not" exceeds the $75,000.00 threshold. *See Hendrickson*, 2019 WL 11715669, at *3. A "fair reading" of the complaint compels the conclusion that the amount in controversy requirement is "virtually certain" to be satisfied when all eight Named Plaintiffs and one-hundred-plus members of the Proposed Class are considered. *See id.*

17. Accordingly, the requisite amount in controversy for federal diversity jurisdiction is satisfied.

## **PROPER COURT FOR REMOVAL**

18. The United States District Court for the Western District of Kentucky, Paducah Division, is the appropriate court for filing a notice of removal from the Graves County Circuit Court. *See* 28 U.S.C. § 97(a). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, MCP respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Graves County, Kentucky to the United States District Court for the Western District of Kentucky, Paducah Division.

Respectfully submitted,

/s/ Edmund S. Sauer
Russell B. Morgan (KY Bar No. 85355)
Edmund S. Sauer (KY Bar No. 90392)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2311 (phone)
615.252.6311 (fax)
rmorgan@bradley.com
esauer@bradley.com

Megan U'Sellis
FISHER & PHILLIPS LLP
220 West Main Street
Suite 1700
Louisville, KY  40202
502.561.3963
musellis@fisherphillips.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

William D. Nefzger
BAHE COOK CANTLEY & NEFZGER PLC
The BCCN Building
1041 Goss Avenue
Louisville, KY 40217
will@bccnlaw.com

*Co-Counsel for Plaintiffs and Putative Class*

Amos N. Jones
AMOS JONES LAW FIRM
1717 Pennsylvania Avenue NW
Washington, D.C.  20006
jones@amosjoneslawfirm.com

*Co-Counsel for Plaintiffs and Putative Class*

William L. Davis
108 Pasadena Drive, Suite 200
Lexington, KY 40503

*Co-Counsel for Plaintiffs and Putative Class*

    /s/ Edmund S. Sauer
Edmund S. Sauer